# IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY, MISSOURI
## STATE OF MISSOURI

| | |
|---|---|
| CHRIS KULT and GREG MEYEROTT, on their own behalf and on behalf of all others similarly situated, | Case No.: |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| IKO MANUFACTURING INC., IKO INDUSTRIES LTD., IKO MIDWEST, INC., IKO INDUSTRIES, INC. and IKO PRODUCTION, INC. | |
| Defendants | |

## CLASS ACTION PETITION

COME NOW Plaintiffs, Chris Kult and Greg Meyerott, by and through counsel, and for their Class Action Petition against Defendants IKO Manufacturing Inc., IKO Industries Ltd., IKO Midwest, Inc., IKO Industries, Inc. and IKO Production, Inc. (collectively "IKO or "Defendants"), state and allege as follows:

### INTRODUCTION

1.  Plaintiffs Chris Kult and Greg Meyerott (hereinafter Plaintiffs), bring this action on their own behalf and on behalf of all similarly situated individuals and entities who own or owned homes, residences, buildings or other structures on which IKO Marathon 25 Dual Black Asphalt roofing shingles manufactured and distributed by Defendants IKO Manufacturing Inc., IKO Industries Ltd., IKO Midwest, Inc., IKO Industries, Inc. and/or IKO Production, Inc. were installed in the Grant's View subdivision in St. Louis County, Missouri.

Electronically Filed - St Louis County - December 04, 2020 - 11:55 AM

2. The Marathon 25 Dual Black Asphalt roofing shingles manufactured and sold by IKO (the "Shingles"), are defectively designed and manufactured such that they do not properly adhere to the roof during application, will not withstand the wind speeds for which they are rated, deteriorate and otherwise fail prematurely causing damage to the property of Plaintiffs and members of the Class and forcing them to repair or replace their roofs sooner than reasonably expected.

3. Plaintiffs seek to recover, on their own behalf and on behalf of the Class, the costs of remediation and/or replacement of the defective Shingles and related roofing materials, repairing the damage to their property, and/or appropriate equitable relief.

## PARTIES, JURISDICTION AND VENUE

4. Plaintiff Chris Kult is a citizen of St. Louis County, Missouri. Mr. Kult purchased a home in the Grant's View subdivision in 2014, which was outfitted by the builder with the Shingles. Since that time, he has had his Shingles blow off during routine weather events where wind did not exceed 60 mph, watched the shingles tear, deteriorate, shed asphalt, lift, and otherwise fail.

5. Plaintiff Greg Meyerott is a citizen of St. Louis County, Missouri. Mr. Meyerott purchased a home in the Grant's View subdivision in 2014, which was outfitted by the builder with the Shingles. Since that time, he has had his Shingles blow off during routine weather events where wind did not exceed 60 mph, watched the shingles tear, deteriorate, shed asphalt, lift, and otherwise fail. On June 12, 2019, Plaintiff Meyerott made a warranty claim with Defendants in connection with the premature failure of the Shingles affixed to his roof. In connection therewith, Plaintiff Meyerott sent in samples of his defective Shingles to be tested; despite requests, Defendants have never provided the results on any testing that was performed. Defendants denied the claim on the basis that the Shingles were only rated for 60 mph wind.

6. Plaintiffs request the Court take judicial notice of the fact that at no time during the relevant time period has the area where Plaintiffs' homes are located registered wind speeds in excess of 60 mph.

7. Plaintiffs are the end users of the Shingles and are the intended beneficiaries of the express and implied warranties extended by Defendants in connection with the sale of the Shingles.

8. Defendant IKO Manufacturing Inc. is a Delaware corporation with significant business operations throughout the United States, including in this Circuit, where it manufactures, sells, markets, and services IKO Shingles.

9. Defendant IKO Industries Ltd. is an Alberta corporation and leading North American manufacturer and distributor of roofing materials and the parent company of Defendant IKO Manufacturing. IKO Industries Ltd. is the owner of several patents that may apply to the Shingles manufactured by IKO Manufacturing. The company operates manufacturing plants in Canada, and its Shingles were distributed in the United States.

10. Defendant IKO Midwest, Inc. is a Delaware corporation with significant business operations located in Kankakee, Illinois. IKO Midwest, Inc. manufactures, distributes, and sells IKO Shingles throughout the United States.

11. Defendant IKO Industries, Inc. is a Delaware corporation that imports Canadian-made IKO Shingles to the United States.

12. Defendant IKO Production, Inc. is a Delaware corporation with significant business operations in Wilmington, Delaware, where it manufactures, distributes, or sells IKO Shingles.

13. This is a proposed class action.  Venue and jurisdiction is proper in this Court because the facts and circumstances at issue occurred in this Circuit, and Plaintiffs were damaged in this Circuit. Upon information and belief, however, the aggregate claims of individual class members does not exceed $5,000,000, including interest, costs and fees.

14. IKO has established sufficient contacts through its marketing and selling the Shingles in this Circuit to subject it to personal jurisdiction and a substantial part of the events or omissions giving rise to these claims occurred in this Circuit.

**CLASS ACTION ALLEGATIONS**

15. Plaintiffs bring this action pursuant to Missouri Supreme Court Rule 52.08 as a putative class action on behalf of the following class ("the Class):

All individuals who purchased a home in the Grant's View subdivision in St. Louis County, Missouri outfitted with the Shingles.

Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest or which has a controlling interest of Defendants, and Defendants' legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

16. Plaintiffs reserves the right to re-define the Class prior to class certification.

17. The number of members of the Class is such as to make individual joinder impracticable and unwieldy. While the precise number of Class members is unknown to Plaintiffs, on information and belief, Plaintiff believes the number is in the dozens, well in excess of 40 people, all of whom would be presenting the same evidence were their cases to be tried individually. Disposition of these claims in single class action will provide substantial benefits to all parties and the Court.

18. The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, and all Class members, own homes on which defective Shingles manufactured by IKO have been installed. Those Shingles have failed, and will continue to fail, prematurely. The representative Plaintiffs, like all Class members, have incurred or will incur the costs of repairing or replacing their roofs and repairing the additional property damaged by the Shingles' premature failure. Furthermore, the factual bases of IKO's conduct is common to all Class members and represents a common thread misconduct resulting in injury to all members of the Class.

19. There are numerous questions of law and fact common to Plaintiff and the Class. Those questions predominate over any questions that may affect individual Class members, and include the following:

a. Whether IKO Shingles are defective in that they fail prematurely and are not suitable for use as an exterior roofing product for the length of time advertised, marketed and warranted;

b. Whether the Shingles are defectively designed or manufactured;

c. Whether IKO's handling of warranty claims has been done in good faith, based upon reasonable investigation;

d. Whether IKO knew or should have known of the defective nature of the Shingles;

e. Whether the Shingles failed to perform in accordance with the reasonable expectations of ordinary consumers;

f. Whether IKO properly warned consumers about the danger of premature failure;

g. Whether IKO's conduct in marketing and selling its Shingles was unfair and deceptive;

h. Whether Plaintiffs and the Class are entitled to compensatory, exemplary and statutory damages, and the amount of such damages.

20. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting statewide, multistate and national consumer class actions, actions involving defective products, and specifically, actions involving defective construction materials. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class they represent, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the Class.

21. Plaintiffs and the members of the Class have suffered and will continue to suffer harm and damages as a result of IKO's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of the Class members likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law. Because of the relatively small size of the individual Class members' claims, it is likely that only a few Class members could afford to

seek legal redress for IKO's conduct.  Further, the cost of litigation could well equal or exceed any individual recovery, such that a class action is the only economically viable path to recovery.

22. Absent a class action, Class members will continue to incur damages without remedy.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation, in that class treatment would conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

23. Because of the relatively small size of the typical individual Class member's claims, and because most homeowners or property owners have only modest resources, it is unlikely that individual Class members could afford to seek recovery against IKO on their own.  This is especially true in light of the size and resources of IKO.  A class action is, therefore, the only reasonable means by which Class members can obtain relief from IKO.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

24. IKO designs and manufactures asphalt roofing shingles, including the Marathon 25 Dual Black Asphalt roofing shingles.

25. IKO markets and warrants the Shingles, which are composed of asphalt, natural fibers, filler and mineral granules as durable, and as offering long-lasting protection for a specified life of 25 years.

26. IKO's Shingles have not lived up to that promise and fail well before the 25 year warranty period has elapsed.

27. All of IKO's Shingles are uniformly defective such that Plaintiff's and Class members' Shingles are failing before the time periods advertised, marketed, and guaranteed by IKO.

28. IKO did not adequately design, formulate, and test its Shingles before warranting, advertising, and selling them as durable and suitable for use as an exterior roofing product.

29. The Shingles crack, curl, blister, and otherwise deteriorate, blowing off roofs and not performing in accordance with the reasonable expectations of consumers that such products be durable and suitable for use as a roofing product.

30. Moreover, while rated to withstand wind speeds up to 60 miles per hour, the Shingles lift, detach and blow off of the roof at far lower wind speeds.

31. Despite the absence of any evidence of 60 mph winds during the time period at issue, Defendants rely upon excess wind as a basis for denying warranty claims made against their Shingles. For example, on June 12, 2019, Plaintiff Meyerott made a warranty claim with Defendants in connection with the premature failure of the Shingles affixed to his roof. In connection therewith, Plaintiff Meyerott sent in samples of his defective Shingles to be tested; despite requests, Defendants have never provided the results on any testing that was performed. Defendants denied the claim on the basis that the Shingles were only rated for 60 mph wind. Upon information, belief, and investigation, no winds in excess of 60 mph have been reported during the relevant time period.

32. As a result of these failures, Plaintiff and the Class have suffered actual damages in that the shingles on their homes, buildings, and other structures have and will continue to fail prematurely, resulting in damage to the underlying roof and housing structure and requiring them to expend thousands of dollars to repair the damage associated with the incorporation of the Shingles into their homes, buildings, and other structures, and to prevent such damage from continuing.

33. Damage caused by the defective Shingles has included, but is not limited to: damage to underlying felt, damage to structural roof components, and damage to Shingles themselves, which deteriorate or fly off, requiring replacement.

34. Despite receiving a litany of complaints from consumers, including Plaintiff Meyerott and other members of the Class, IKO has refused to convey effective notice to consumers about the defects, and refused to repair defective roofs fully or repair the property damaged by the premature failure of its product.

35. Because the defects in the Shingles are latent and not detectable until manifestation, Plaintiffs and the Class members were not reasonably able to discover their Shingles were defective until after installation, despite their exercise of due diligence.

36. IKO knew the Shingles were defective prior to the time of sale, and concealed that material information from Plaintiffs and all consumers.

37. As such, any applicable statutes of limitation have been tolled by IKO's concealment of material facts and IKO is estopped from relying on any such statutes of limitation.

38. Moreover, any contractual language contained in IKO's published warranties that attempts to disclaim express warranties or limit remedies is unconscionable, fails to conform to the requirements for limiting warranties on remedies under applicable law, causes the warranties to fail of their essential purpose, and is, thus, unconscionable and void.

## COUNT I – BREACH OF EXPRESS WARRANTY

39. Plaintiffs restate and incorporate by reference each of the foregoing allegations as if fully set forth herein.

40. IKO marketed the Shingles with the intent that the Shingles would be purchased by Plaintiff and members of the Class.

41. IKO expressly warranted that all of its Shingles would last 25 years and have the quality, durability, wind and weather resistance, and/or would be free of manufacturing defects such that they would not fail during this time period.

42. IKO's express warranties were material and were part of the basis of the bargain Plaintiffs and members of the Class. Indeed, members of the Class had the option of choosing other shingles at the time of purchase but expressly declined to do so based upon the warranty that was being extended

43. IKO has breached its express warranties, in that the Shingles are defective as manufactured such that they are not weather-resistant, do not adhere properly, and are destined to

Electronically Filed - St Louis County - December 04, 2020 - 11:55 AM

fail prematurely. The Shingles crack, split, curl, warp, discolor, delaminate, blow off, deteriorate prematurely, and otherwise do not perform as warranted.

44. Plaintiffs and members of the Class have provided IKO with notice of its breach of express warranties though warranty claims.

45. In addition, IKO has systematically denied or failed to pay in full the warranty claims, relying upon false or fabricated data.

46. As a direct result of the failure of the Shingles to perform as warranted, Plaintiff and the Class have incurred and will continue to incur damages.

## COUNT II – MISREPRESENTATION

47. Plaintiffs restate and incorporate by reference each of the foregoing allegations as if fully set forth herein.

48. IKO knew or should have known that its Shingles were defectively designed and/or manufactured, would fail prematurely, were not suitable for their intended use, and otherwise were not as warranted and represented.

49. IKO had a duty to Plaintiff and the Class to disclose the defective nature of its Shingles on account of its superior position to know the true facts about the design and latent manufacturing defects in its Shingles.

50. By declining to advise consumers of the Shingles' inability to live up to the terms of the warranty despite this superior knowledge, IKO fraudulently, negligently, or recklessly concealed material information about the Shingles from Plaintiffs and members of the Class. Similarly, IKO's representation that the Shingles would last 25 years despite its knowledge that they would not was deceptive and improper.

51. The facts concealed or not disclosed by IKO to Plaintiff and the Class are material facts in that a reasonable person would have considered those facts to be important in deciding whether or not to purchase IKO's Shingles. Had Plaintiff and the Class known the defective nature of IKO's Shingles, they would not have purchased them, would have paid less for them or would have otherwise altered their behavior.

Electronically Filed - St Louis County - December 04, 2020 - 11:55 AM

Electronically Filed - St Louis County - December 04, 2020 - 11:55 AM

52. IKO continued to conceal the defective nature of its Shingles even after members of the Class began to report problems, relying upon false and unsubstantiated bases for denying their warranty claims.

53. As a direct and proximate cause of IKO's misconduct, Plaintiff and the Class have suffered actual damages in that their Shingles are destined to fail, have required or will require replacement and/or remediation, and have otherwise sustained damages.

54. Defendants' failure to disclose this information about their Shingles, both at the time they were installed and in response to warranty claims, is marked by greed and profit motive in blatant derogation of the rights of members of the Class.

55. As a direct and proximate result of IKO's misconduct, Plaintiff and the Class are entitled to compensatory damages, punitive damages, attorneys' fees, costs, and interest thereon.

**COUNT III – VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT**

56. Plaintiffs restate and incorporate by reference each of the foregoing allegations as if fully set forth herein.

57. The Shingles thatwere  sold by Defendants and delivered to Plaintiffs constitutes "merchandise," and the purchase of the home on which they were outfitted was a "sale" in"trade or commerce" as those terms is used in R.S.Mo. § 407.010 et seq.

58. Defendants' conduct as described herein constitutes the use of "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement" of the Shingles and is thereby a violation of the Missouri Merchandising Practices Act ("MMPA"), specifically R.S.Mo. § 407.020.

59. As a direct and proximate result of Defendants' conduct in violation of the MMPA as described herein, Plaintiffs have sustained damages in an amount to be proven at trial.

60. Defendants' conduct as described herein, were marked by greed, an evil motive and were specifically deprive Plaintiffs of their rights, justifying the imposition of punitive damages and an award of attorneys' fees and costs.

## COUNT IV – UNJUST ENRICHMENT

61. Plaintiffs restate and incorporate by reference each of the foregoing allegations as if fully set forth herein

62. Plaintiffs and the Class conferred a benefit upon IKO by making home purchases that resulted in sales for the installation of IKO Shingles.

63. For the reasons set forth herein, including but not limited to Defendants' failure to disclose the true, defective nature of the Shingles and then unjustly denying valid warranty claims, it would be inappropriate, in the interests of justice, to allow Defendants to retain said benefit.

64. As a result of IKO's wrongful conduct, Plaintiffs and the Class are entitled to restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by IKO, plus attorneys' fees, costs, and interest thereon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class pray for judgment as follows:

A. For an order certifying the proposed class, appointing Plaintiffs and Plaintiffs' counsel to represent the proposed Class, appointing counsel for Plaintiff as lead counsel for the Class;

B. An order awarding declaratory relief and temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and/or unfair business practices alleged in this Petition;

C. Appropriate injunctive relief;

D. An order awarding restitution, disgorgement, actual damages, statutory damages, exemplary damages, and punitive damages under applicable law, and compensatory damages for economic loss, diminished value, and out-of-pocket costs in an amount to be determined at trial;

E.      A declaration that Defendants are financially responsible for all Class notice and the administration of Class relief;

F.      An order awarding any applicable statutory and civil penalties;

G.      An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

H.      An award of costs, expenses, and attorneys' fees as permitted by law; and

I.      Such other or further relief as the Court may deem appropriate, just, and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial for all claims so triable.

Respectfully submitted,

Dated: December 4, 2020

/s/   James J. Rosemergy
James J. Rosemergy
CAREY, DANIS & LOWE
8235 Forsyth, Suite 1100
St. Louis, MO 63105
Tele: 314-725-7700
Direct: 314-678-1064
Fax: 314-721-0905
jrosemergy@careydanis.com