# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CHRIS KULT, *on his own behalf and on behalf of all others similarly situated,* et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:21-CV-850 RLW ) |
| IKO MANUFACTURING INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants IKO Manufacturing Inc., IKO Industries LTD., IKO Midwest Inc., IKO Industries, Inc., and IKO Production, Inc.'s (collectively, "Defendants" or "IKO") Motion to Compel Arbitration, or Alternatively, to Dismiss the Case pursuant to Rules 12(b) and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs Chris Kult and Greg Meyerott did not respond to Defendants' motion, and the time to do so has expired. Also before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint. Defendants oppose the motion, and it is fully briefed. Upon review of the motions and related documents, the Court grants Defendants' motion to compel arbitration. The Court will stay these proceedings and deny, without prejudice, Plaintiffs' motion for leave to amend.

### *I. Background*

On December 4, 2020, Plaintiffs Chris Kult and Greg Meyerott filed a Class Action Petition in the Circuit Court of St. Louis County, Missouri. Plaintiffs allege the five Defendants manufactured and distributed Marathon 25 Dual Black Asphalt roofing shingles (the "Shingles"). Plaintiffs claim the Shingles, which were installed in their new homes, are defectively designed,

or fail under certain environmental conditions. Plaintiffs allege IKO "expressly warranted that all of its Shingles would last 25 years and have the quality, durability, wind and weather resistance, and/or would be free of manufacturing defects such that they would not fail during this time period." (ECF No. 4 at 8). Plaintiffs further allege "IKO's express warranties were material and were part of the basis of the bargain Plaintiffs and members of the Class. [sic]  Indeed, members of the Class had the option of choosing other shingles at the time of purchase but expressly declined to do so based upon the warranty that was being extended." (Id.)  Plaintiffs claim that "IKO has breached [their] express warranties, in that the Shingles are defective as manufactured such that they are not weather-resistant, do not adhere properly, and are destined to fail prematurely. The Shingles crack, split, curl, warp, discolor, delaminate, blow off, deteriorate prematurely, and otherwise do not perform as warranted." (Id. at 8-9). Plaintiff further allege that they and members of the proposed class have made claims under the warranty, which have been denied. (Id. at 9).

Plaintiffs assert the following four claims against IKO: Breach of Express Warranty (Count I); Misrepresentation (Count II); Violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010, et seq., (Count III); and Unjust Enrichment (Count IV). Plaintiffs seek to represent a putative class, which includes "[a]ll individuals who purchased a home in the Grant's View subdivision in St. Louis County, Missouri outfitted with the Shingles." (Petition, ECF No. 4 at ¶ 15.)

Defendants were not served with the state court petition until late June 2021. On July 14, 2021, Defendants removed the action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.[1]  Defendants did not file an answer to the petition, but rather

---

[1] Plaintiffs are citizens of Missouri. Defendants IKO Manufacturing, Inc., and IKO

filed a motion to compel arbitration or, in the alternative, to dismiss. Defendants argue the warranty agreement Plaintiffs seek to enforce contains a binding arbitration clause and, therefore, the dispute is subject to arbitration.

Plaintiffs did not respond to Defendants' motion to compel arbitration or, in the alternative, to dismiss. Instead, they waited twenty-eight days after the motion to compel arbitration was filed and on August 18, 2021, filed a Motion for Leave to File an Amended Complaint, which was outside the deadline to amend as a matter of course. See Fed. R. Civ. P. 15(a)(1)(B). In their proposed Amended Complaint, Plaintiff have eliminated any reference to the warranty agreement. The Counts remain the same, except that Plaintiffs seek to replace their claim for breach of express warranty with a claim for breach of the duty of good faith and fair dealing. Defendants oppose Plaintiff's motion and argue amendment would be futile, because the dispute is still subject to arbitration.

## II. Discussion

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." Hoffman v. Cargill Inc., 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

---

Midwest, Inc., are citizens of Delaware and Illinois; Defendant IKO Industries Ltd. is citizen of Canada; and Defendants IKO Industries, Inc., and IKO Production, Inc., are citizens of Delaware. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. The Court therefore has diversity subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. The FAA reflects a "liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011). "[C]ourts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms. Id. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Lyster v. Ryan's Fam. Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001). Accordingly, where there is an enforceable agreement to arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration." 9 U.S.C. § 4.

In their Motion to Compel Arbitration, Defendants argue Plaintiffs, as third-party beneficiaries, are bound by the arbitration provision in the warranty agreement. IKO attached to their Motion to Compel Arbitration a copy of the warranty at issue in this case, which states.[2]

> BINDING ARBITRATION: EVERY CLAIM, CONTROVERSY OR DISPUTE OF ANY KIND WHATSOEVER (EACH AN "ACTION") BETWEEN YOU AND IKO (INCLUDING ANY OF IKO'S EMPLOYEES AND AGENTS) RELATING TO OR ARISING OUT OF THE SHINGLES OR THIS LIMITED WARRANTY SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION, REGARDLESS OF WHETHER THE ACTION SOUNDS IN WARRANTY, CONTRACT, STATUTE OR ANY OTHER LEGAL OR EQUITABLE THEORY. YOU AND IKO AGREE THAT ANY ACTION WILL BE ARBITRATED ON AN INDIVIDUAL BASIS AND THAT NO CLAIM(S) WILL BE CONSOLIDATED OR AGGREGATED WITH THE CLAIM(S) OF ANY OTHER PERSONS BY CLASS ACTION, CLASS ARBITRATION, IN A

---

[2] Although this is not a motion for summary judgment, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions," such a contract or other written agreement. Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (citation omitted). Plaintiffs do not dispute that the warranty Defendants filed with the Court is a true and accurate copy of the express warranty they seek to enforce in their Petition.

>> REPRESENTATIVE CAPACITY OR OTHERWISE. TO ARBITRATE AN ACTION AGAINST IKO, YOU MUST INITIATE THE ARBITRATION, FOR U.S. CLAIMS, IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT, TO BE CONDUCTED BY A SINGLE ARBITRATOR IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION [("AAA")] … .

(ECF No. 11, Ex. 1-A at 9)

In Henry Schein, Inc. v. Archer & White Sales, Inc., the Supreme Court recently addressed the issue of delegating the arbitrability question to an arbitrator. 139 S. Ct. 524 (2019). The Supreme Court stated, "we have held that parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Id. at 529 (quoting Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010)). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce[.]" Id. "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue." Id. Furthermore, the Eighth Circuit has held "the incorporation of the AAA Rules into a contract requiring arbitration to be a clear and unmistakable indication the parties intended for the arbitrator to decide threshold questions of arbitrability," as the AAA Rules empower the arbitrator to determine his or her own jurisdiction over a controversy between the parties.[3] Eckert/Wordell Architects, Inc. v. FJM

---

[3] Rule 14 of the AAA Consumer Arbitration Rules states:

> Jurisdiction (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim. (b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the

5

Properties of Willmar, LLC, 756 F.3d 1098, 1100 (8th Cir. 2014) (citing Green v. SuperShuttle Int'l, Inc., 653 F.3d 766, 769 (8th Cir. 2011)).

Here, there is no dispute that the warranty agreement exists, and in their Petition, Plaintiffs are attempting to enforce the warranty agreement as third-party beneficiaries. Moreover, there is no dispute that the warranty agreement includes an arbitration provision incorporating the AAA Rules, pursuant to which the issue of arbitrability is delegated to the arbitrator. Eckert/Wordell Architects, Inc., 756 F.3d at 1100. The Court finds, therefore, that it "possesses no power to decide the arbitrability issue" in this case. Henry Schein, Inc., 139 S. Ct. at 529. Instead, the issue must be decided by the arbitrator.

The fact that Plaintiffs have moved to file an amended pleading does not change the Court's conclusion. Plaintiffs did not oppose IKO's motion to compel arbitration, but rather, in what appears to be an attempt to avoid arbitration, they ask the Court to allow them to amend their Petition and file an Amended Complaint that deletes any reference to the warranty agreement. The Court agrees with Defendants that Plaintiffs' attempt to erase existence of the warranty in their pleadings does not change the fact that the dispute is subject to arbitration, at least as to the issue of arbitrability.

In their Motion for Leave to Amend, Plaintiffs seek to replace their breach of express warranty claim with a breach of the duty of good faith and fair dealing claim. But under applicable Missouri law, a claim for breach of the implied covenant of good faith and fair dealing

---

contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

See AAA Consumer Arbitration Rules, https://www.adr.org/sites/default/files/Consumer-Rules-Web.pdf (last visited Jan. 13, 2022).

is a contractual claim that presumes the existence of a contract, which here is the warranty agreement with the arbitration provision. See Hardee's Food Sys., Inc. v. Hallbeck, 776 F. Supp. 2d 949, 952 (E.D. Mo. 2011) (citing Koger v. Hartford Life Ins. Co., 28 S.W.3d 405, 413 (Mo. Ct. App. 2000)) (breach of the implied covenant of good faith and fair dealing is a contractual claim). Second, as Plaintiffs state in their Reply In Support of Motion for Leave to File Amended Complaint, "The extent to which the warranty will control all or part of the outcome of this case [ ] remains an open question under both the original petition and the proposed Amended Complaint." (ECF No. 16 at 3). As Plaintiffs admit, there is an open question as to the applicability of the warranty agreement, and the applicability issue directly impacts whether the dispute must be arbitrated. But under controlling law, this is for the arbitrator to decide, not the Court. Henry Schein, Inc., 139 S. Ct. at 529; Eckert/Wordell Architects, Inc., 756 F.3d at 1100. The Court will compel arbitration in this case. Because the proposed Amended Complaint would have no impact on the issue of arbitrability, the Court will deny Plaintiffs' Motion for Leave to File an Amended Complaint without prejudice.

Finally, the Court will not dismiss the case, but rather will stay it pending the outcome of arbitration. "The [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." Green, 653 F.3d at 769 (citing 9 U.S.C. § 3) (stating the district court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). There is an exception to this general rule, and "district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." Id. at 769–70. In this case, the entire controversy may not be decided by arbitration, as the arbitrator may decide the warranty agreement and arbitration provision do not apply to the dispute. If the arbitrator were

to make such a determination, Plaintiffs might be prejudiced by a dismissal because the statute of limitations may run in the meantime, and Plaintiffs would be barred from refiling.  Id. at 770. Accordingly, the Court will stay the proceedings pending arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration, or Alternatively to Dismiss the Case is **GRANTED in part,** and **DENIED in part.**  As set forth in this Memorandum and Order, Defendants' motion to compel arbitration is **GRANTED**, and this matter is **STAYED** pending arbitration.   In all other respects, the motion is **DENIED.**  (ECF No. 10)

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint is **DENIED without prejudice**.   (ECF No. 14)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this cause of action for statistical purposes only, subject to reopening upon notice by the parties upon the conclusion of the arbitration proceedings.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of January, 2022.